IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER BROWN,

    Petitioner,        No. 2:09-cv-0541 WBS KJN P

    vs.

M. POULOS, Warden,

    Respondent.        FINDINGS AND RECOMMENDATIONS
_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action proceeds on a the first amended petition filed on May 6, 2009.  Dkt. No. 13.  Petitioner challenges the 2006 Board of Parole Hearings (BPH) decision that found petitioner unsuitable for parole, denying him a fixed term sentence.

        Pending before the court is respondent's November 6, 2009 motion to dismiss on the grounds that this action is barred by the statute of limitations.  Dkt. No. 23.  Petitioner filed an opposition and respondent filed a reply.  Dkt. Nos. 24, 25.  After carefully considering the entire record, the court recommends that respondent's motion to dismiss be granted and this case closed.

II. Motion to Dismiss

        The statute of limitations for federal habeas corpus petitions is set forth in 28

U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003). At the time the Ninth Circuit decided Redd, suitability decisions could be administratively appealed. Id. at 1084. In Redd, the Ninth Circuit held that the factual basis of the petitioner's claims challenging a parole suitability hearing could have been discovered through the exercise of due diligence when the BPH denied the administrative appeal. Id.

Since Redd, the administrative review process for parole suitability hearings has been eliminated. Petitioner was informed at his October 19, 2006, parole suitability hearing that parole was denied. Motion to Dismiss (MTD), Exh. A at 52. According to the transcript from the hearing, the decision finding petitioner unsuitable for parole became final on February 16, 2007. MTD, Exh. A at 61.

The statute of limitations began to run the next day, on February 17, 2007.

Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is until February 17, 2008, to file a timely federal petition, absent applicable tolling. The instant action, filed February 19, 2009,[1] is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner filed one state post-conviction collateral action:

1. January 9, 2008: Habeas petition filed in the California Supreme Court. MTD, Exh. B. The petition was denied on July 16, 2008. MTD, Exh. C.

Petitioner filed the instant petition on February 19, 2009.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-94 (2006).

Petitioner's state petition, filed on January 9, 2008, occurred approximately 326 days after judgment became final. Respondent concedes that petitioner is entitled to statutory tolling during the pendency of that petition. MTD at 2. Therefore, petitioner is entitled to tolling for the period from January 9, 2008, the date the petition was filed, to July 16, 2008, the date the state petition was denied, 189 days. With this tolling, petitioner had until approximately August 24, 2008 to timely file his federal petition. Petitioner's instant federal petition filed on February

---

[1] As opposed to respondent's motion, the court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

19, 2009, is still nearly 6 months past the expiration of the statute of limitations.

In his opposition to the motion to dismiss, petitioner argues that BPH decision did not become final until June 2007, when he states he received the decision. Opposition at 2. Petitioner provides no evidence or exhibits to support his contention that he was unaware of the BPH final decision until June 2007. Even assuming arguendo, that the BPH decision did not become final until June 30, 2007,[2] and the statute of limitations did not begin to run until July 1, 2007, petitioner's federal petition is still untimely if the new expiration date to file a federal petition was July 1, 2008.

Petitioner did not file the state petition in the California Supreme Court until January 9, 2008, 192 days after the statue of limitations began to run in this example. The state petition was pending for 189 days which would provide petitioner statutory tolling so the new final date to file a federal petition was January 6, 2009.

The state petition was denied on July 16, 2008, but petitioner did not file the instant federal petition until February 19, 2009. Even under petitioner's unsupported factual scenario, his federal petition was still filed more than 6 weeks beyond the expiration of the statute of limitations.

Moreover, petitioner has not set forth sufficient arguments justifying his delays in filing the state and federal petitions, so there are no grounds for equitable tolling.[3]

Accordingly, IT IS HEREBY RECOMMENDED that respondent's November 6, 2009 motion to dismiss (Dkt. No. 23) be granted and this case closed.

These findings and recommendations are submitted to the United States District

---

[2] As petitioner has not provided a date in June 2007, the court will use June 30, 2007, to allow petitioner the benefit of the doubt.

[3] Petitioner's June 15, 2009 motion to appoint counsel (Dkt. No. 14), alleges that petitioner had surgery on September 29, 2008, and he could not focus due to side effects from pain medication while recovering. To the extent this could be construed as a request for equitable tolling, no tolling is appropriate as the surgery occurred after the expiration of the statute of limitations.

1  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
2  one days after being served with these findings and recommendations, any party may file written
3  objections with the court and serve a copy on all parties.  Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
5  objections shall be filed and served within fourteen days after service of the objections.  The
6  parties are advised that failure to file objections within the specified time may waive the right to
7  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8  DATED:  March 18, 2010

11  _____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14  brow0541.mtd